**Stevenson Estate**

*Geary & Rankin*, for accountant.

*A. Sidney Johnson, Jr., Richard W. Ledwith*, and *Harry Siegel*, for pecuniary legatees.

VAN RODEN, P. J., July 8, 1952.—By written deed of trust dated March 14, 1928 (later modified by writing dated August 21, 1929), S. Price Stevenson, settlor, created a trust fund for the benefit of his sister, Katharine M. Stevenson, for life, conferring upon her a power of appointment by will over the remainder, and providing in default of exercise of the power of appointment, for the payment of a legacy of $20,000 out of the remainder unto Katharine Stevenson Vaughn, niece of settlor, with balance in equal one-half shares unto his nephew, Samuel H. Stevenson, and the children of his nephew, Richard R. Stevenson, as more fully set forth in the deed of trust and modification agreement.

Katharine M. Stevenson, life income beneficiary, died on August 24, 1951, which event terminated the trust and matured the corpus of the trust fund for distribution. Prior to her death, Katharine M. Stevenson did, on January 14, 1944, permanently and irrevocably release and renounce her power of appointment, and in her will she made no attempt to exercise such power. Accordingly, the provisions of the trust instruments relating to disposition of the remainder in default of appointment became operative.

Katharine Stevenson Vaughn, who was entitled to a legacy of $20,000, payable out of remainder, predeceased the life tenant. By virtue of the provisions of the trust instruments, the legacy did not lapse but is to be distributed unto her heirs under the intestate laws. Inasmuch as she died without issue, her surviving spouse, Albert M. Vaughn, was entitled to an allowance of $5,000 and one half of the remainder of her estate, with the other one half passing unto her brother, Earl C. Stevenson.

When the first and final account of the trustees named in the deed of trust was called for audit, the

court was requested to award unto Albert M. Vaughn the sum of $12,500 as his share of the legacy of $20,000, and to award unto Earl C. Stevenson the remaining $7,500 thereof. The auditing judge acquiesced therein and such awards were made in the adjudication nisi filed on March 17, 1952. No request was made for any award of interest to the beneficiaries, and the auditing judge awarded to the estate of the deceased life tenant the balance of income accrued and undistributed to the date of her death, and awarded to the residuary legatees, pro rata, the income accrued since that date.

The adjudication became absolute on April 1, 1952. However, by order dated April 18, 1952, leave was granted to Earl C. Stevenson to file exceptions to the adjudication of March 17, 1952, nunc pro tunc, and on May 5, 1952, similar leave was granted to Albert M. Vaughn. These exceptions complain of the failure of the auditing judge to award interest to exceptants on their respective shares of the legacy of $20,000. It is contended by exceptants that they are entitled to interest from the date of death of the life income beneficiary until date of payment by the accountants. The exceptions came before the court on June 9, 1952, and written briefs and oral arguments were submitted thereon. Counsel for the accountants argued that as a matter of law exceptants are not entitled to any interest. Subsequently, on June 13, 1952, counsel for the accountants notified the auditing judge by letter that the trustees had previously paid to Earl C. Stevenson the full amount of the award and had received from him an order to satisfy the award. The letter contained the following expression of opinion of counsel: "Seemingly, therefore, Mr. Stevenson is not in a position to press any exception to the award."

The question of payment of interest or income on distributive shares of a decedent's estate is now gov-

erned by section 753 of the Fiduciaries Act of April 18, 1949, P. L. 512 20 PS §320.753, which provides that a pecuniary legacy bequeathed in trust shall bear interest at the rate of three percent per annum from the death of decedent until the payment of the legacy, and when not in trust shall bear interest at the rate of three per cent per annum from one year after the death of decedent until the payment of the legacy. This statute, however, is not applicable to the instant case, since it relates solely to testamentary disposition and is not applicable to a trust inter vivos. There appears to be no legislation specifically governing the instant case. It further appears that this precise question has not heretofore been actually decided in any reported case in Pennsylvania. The nearest case in point is Garrison's Estate, 17 D. & C. 272, 279 (1933), which contains a dictum by the late Judge Gest. That case involved a trust inter vivos which provided for the payment of certain charitable gifts in fixed amounts, at the termination of a life estate, with a remainder gift over to the persons who would then take from the donor under the intestate laws. The charitable legatees claimed that they were entitled to interest on their gifts from the date of the death of the life tenant. In commenting on this contention, Judge Gest said:

"Logically, I can see no answer to this, at least if we follow the analogy afforded by the decisions in cases of testamentary trust: *Boyles's Estate*, 5 W.N.C. 363; *Wilstach's Estate*, 13 Dist. R. 733."

However, it appears that the corpus of the estate was insufficient to pay the specific legacies in full and it was held that the deficiency must be made good so far as possible from income, as against any claim thereto by the persons otherwise entitled.

This court agrees with Judge Gest that there is no logical reason why a legacy payable out of the remain-

der of a trust fund, following termination of the trust upon the death of the life income beneficiary, should not carry with it the proportionate share of income accrued from the date of death of the life tenant until the date of payment. Any other conclusion would result in unjust enrichment of the residuary beneficiaries. This might well tend to create unwarranted delays in the distribution of trust estates following termination of the trust, if the fiduciary felt inclined to favor the residuary distributees rather than the pecuniary legatees. Although there is no evidence of undue delay in the liquidation of the estate presently before the court, it nevertheless appears that normal administration from the termination of the trust until time of payment involved a delay of at least eight months. It further appears that the securities which were ultimately liquidated in order to pay the pecuniary legacies produced income during such period. The court feels, therefore, that the pecuniary legatees are both logically and equitably entitled to participate in the income produced by the assets which they in effect owned beneficially as of the date of termination of the trust. To require the trustees to pay interest on the pecuniary legacies at the legal rate might be unduly harsh since it is well recognized that the average trust investment does not realize the full legal rate of interest. Where, as in the instant case, there has been no undue delay in liquidation of the trust assets following termination of the trust, the equitable rule would be to allow the pecuniary legatees their proportionate share of the income owned by the estate during the period of liquidation, and it will be here so ordered.

With respect to the question whether the filing of a satisfaction of award precludes Earl C. Stevenson from pressing the exceptions presently before the court, it seems clear that the satisfaction relates only to the award of principal contained in the adjudication

nisi. There is no contention on the part of the legatee that he has not in fact received full payment of his share of the principal of the legacy in question. However, acknowledgment of receipt of principal is no indication that the legatee thereby releases any and all claims which he might have relating to interest or income. Of course, it would have been preferable if this question of interest had been presented to the auditing judge when the account was called for audit. In such event, the auditing judge could have made proper disposition of the matter in orderly fashion. However, it does not appear that the delay in raising the point has resulted in any hardship or undue inconvenience to either the accountants or the residuary distributees. Accordingly, in the interests of justice and equity, which always predominate in the orphans' court in the absence of some express statutory bar, the court properly allowed exceptions to the adjudication nisi to be filed nunc pro tunc, and in the same interests of justice and equity, the same exceptions are hereby sustained.

Accordingly, the court enters the following

### Decree

And now, to wit, July 8, 1952, it appearing to the court that exceptions to the adjudication nisi dated March 17, 1952, were filed on behalf of Albert M. Vaughn and Earl C. Stevenson, heirs at law of Katharine Stevenson Vaughn, pecuniary donee named in the deed of trust of the above-named settlor, and the exceptions having come on to be heard by the court, and after careful consideration of the matter, it appearing to the court that the exceptions are well-founded and should be sustained, it is hereby Ordered, Adjudged and Decreed as follows:

1. The exceptions of Earl C. Stevenson and Albert M. Vaughn to the adjudication nisi dated March 17, 1952, are hereby sustained.

2. The award contained in the adjudication nisi of March 17, 1952, is hereby amended, modified and supplemented to read as follows:

Conformable to the provisions of the deed of trust dated March 14, 1928, modification agreement dated August 21, 1929, and the statement of proposed distribution, subject to such distribution as may heretofore have properly been made, the accountants are directed to pay over and deliver unto:

James L. Rankin, Executor under Will of Katharine M. Stevenson, deceased: Balance of income accrued and undistributed to August 24, 1951 (date of death of life tenant).

Albert M. Vaughn, surviving spouse of Katharine Stevenson Vaughn: The sum of $12,500, together with pro rata share of net income accrued since August 24, 1951.

Earl C. Stevenson, brother of Katharine Stevenson Vaughn: The sum of $7,500, together with pro rata share of net income accrued since August 24, 1951.

Samuel H. Stevenson, nephew of settlor: One half of remaining balance of principal (after payment of legacy of $20,000) ; one half share of remaining balance of income accrued since August 24, 1951.

Pearlla H. Budinger, great-niece of settlor: One sixth of remaining balance of principal (after payment of legacy of $20,000) ; one sixth share of remaining balance of income accrued since August 24, 1951.

Janice Bunn, great-niece of settlor: One sixth of remaining balance of principal (after payment of legacy of $20,000) ; one sixth share of remaining balance of income accrued since August 24, 1951.

Richard R. Stevenson, great-nephew of settlor: One sixth of remaining balance of principal (after payment of legacy of $20,000) ; one sixth share of remaining balance of income accrued since August 24, 1951.

3. As so amended, modified and supplemented, the adjudication of March 17, 1952, is hereby ratified and confirmed absolutely.